UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BESNIK UKSHINI,

                            Plaintiff,                        15-cv-6214 (PKC)

       -against-                                 MEMORANDUM
                                                               AND ORDER

COMITY REALTY CORPORATION,

                            Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Besnik Ukshini has filed a *pro se* complaint against defendant Comity Realty Corporation ("Comity") alleging employment discrimination based on race, religion, and national origin under Title VII of the Civil Rights Act of 1964. Comity has moved pursuant to Rule 12(b)(6), Fed. R. Civ. P., and the Federal Arbitration Act, 9 U.S.C § 1 *et seq*, to dismiss Ukshini's *pro se* complaint for failure to state a claim upon which relief may be granted or to compel mediation and arbitration of Ukshini's employment discrimination claims. For reasons to be explained, defendant's motion to compel mediation and arbitration is granted.

BACKGROUND.

        The following facts are drawn from the plaintiff's *pro se* Complaint as well as from the materials attached to, and incorporated by reference in, that Complaint. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). For the purposes of defendant's motion, all non-conclusory factual allegations stated in plaintiff's Complaint are accepted as true, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and all reasonable inferences are drawn in favor of the plaintiff as the non-movant, see In re Elevator Antitrust Litig., 502 F.3d 47, 50 (2d Cir. 2007).

Between January 2007 and October 2012, Besnik Ukshini worked as a doorman in a residential apartment building located at 1380 Riverside Drive, New York, NY and was a member of the SEIU Local 32BJ Union (the "Union"). Comity is the owner of 1380 Riverside Drive and a member of the Realty Advisory Board on Labor Relations, Inc. ("RAB"). RAB is an association representing owners and managing agents of residential property in collective bargaining with unions such as SEIU Local 32BJ. Ukshini's employment with Comity was governed by a collective bargaining agreement (the "CBA") entered into by the Union and RAB. See Declaration of Harry Weinberg ("Weinberg Decl."), Ex. B.

Article XVII.23 of the CBA states:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership, or any characteristic protected by law, including but not limited to, claims made pursuant to Title VII of the Civil Rights Act . . . .

Article XVII.23 of the CBA also requires that all discrimination claims "shall be subject to the grievance and arbitration procedure (Articles V and VI) as sole and exclusive remedy for violations." Article VI of the CBA, the mandatory arbitration provision, provides that "[a] Contract Arbitrator shall have the power to decide all differences arising between the parties to this agreement as to interpretation, application or performance of any part of this agreement . . . ." And, it provides that the arbitration procedure "shall be the sole and exclusive method for the determination of all" "matters over which a Contract Arbitrator has jurisdiction," with "the award being final and binding upon the parties and the employee(s) or Employer(s) involved."

In response to a disagreement over whether the CBA required individual employees to pursue arbitration of their claims if the Union declined to do so, the Union and RAB signed an additional "Agreement and Protocol" in February 2010. See Weinberg Decl.,

Ex. C.  That "Agreement and Protocol" established a mandatory scheme for the mediation and arbitration of employment discrimination claims, regardless of whether the claims are brought by the Union or an individual employee.  First, the "Agreement and Protocol" requires non-binding mediation "to be completed before the claim is litigated on the merits."  Then, if mediation is unsuccessful and if the Union declines to submit the employee's discrimination claim to arbitration, an "employee [] desirous of ligating the claim" is required to arbitrate the claim under the procedures listed in the "Agreement and Protocol."

Ukshini alleges that he was discriminated and retaliated against during his employment.  He claims, for example, that because of his race, Caucasian, and national origin, Albanian by nationality from Kosovo, he was not allowed to eat lunch while other employees were and that he was passed over for an available doorman position.  On August 8, 2012, Ukshini filed a grievance with the Union alleging employment discrimination.  Then, on October 2, 2012, he filed a charge with the Equal Employment Opportunity Commission (the "EEOC").  He received a Notice of Right to Sue letter on May 21, 2015.  On October 11, 2012, Comity terminated his employment.

Over the next year or so, Ukshini participated in a grievance hearing process with the Union regarding his claims of discrimination and scheduled, but did not undertake, an arbitration proceeding against Comity.  According to Ukshini, an arbitration proceeding was rescheduled four times between February 8, 2013 and August 16, 2013 because the defendant failed to appear.  See Plaintiff's Affirmation in Opposition ("Ukshini Affirm."), Ex. D-H.  On December 11, 2013, Ukshini received a letter from the Union notifying him of the Union's final decision declining to submit his claims to arbitration.  See Ukshini Affirm., Ex. J.  Following the

Union's decision, Ukshini did not restart efforts to resolve his claims with Comity via mediation and arbitration. Almost two years later, Ukshini filed this action.

DISCUSSION.

    I.        Motion to Dismiss.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

At the same time, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted). Courts have a duty to construe a complaint filed by a pro se plaintiff liberally, conducting their examination with "special solicitude [and] interpreting the complaint to raise the strongest claims that it suggests." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted).

The Court declines to address so much of Comity's motion as seeks to dismiss the Complaint because, for reasons to be explained, it concludes that the motion to compel arbitration ought to be granted.

    II.       Motion to Compel Arbitration of Title VII Claims.

Comity asks the Court to compel Ukshini to mediate and arbitrate his employment discrimination claims in accordance with the terms of the CBA and the "Agreement and

Protocol." In response, Ukshini argues that he has exhausted all administrative remedies required by the CBA and, thus, his action should be neither dismissed nor stayed.

"The Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. [], requires the federal courts to enforce arbitration agreements, reflecting Congress' recognition that arbitration is to be encouraged as a means of reducing the costs and delays associated with litigation." Deloitte Noraudit A/S v. Deloitte Haskins & Sells, U.S., 9 F.3d 1060, 1063 (2d Cir. 1993). "Whether a CBA creates a duty for the parties to arbitrate a particular [] claim is an issue for judicial determination." Vera v. Saks & Co., 335 F.3d 109, 116-17 (2d Cir. 2003). Generally, "when a CBA contains an arbitration clause, 'there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Id. at 117 (quoting Transit Mix Concrete Corp. v. Local Union No. 282, Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 809 F.2d 963, 968 (2d Cir. 1987)). And, "an employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement" before bringing an action in federal court, DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983) (citing Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965)), even where that agreement requires arbitration of federal statutory discrimination claims. See 14 Penn Plaza LLC v. Pyett, 556 U.S. 247, 274 (2009) (holding that CBA requiring arbitration of ADEA claims was enforceable); see also Bouras v. Good Hope Mgmt. Corp., 11 cv 8708 (WHP), 2012 WL 3055864, at *4 (S.D.N.Y. July 24, 2012) (holding that the Pyett decision applies to Title VII claims); Borrero v. Ruppert Hous. Co., 08 cv 5869 (HB), 2009 WL 1748060, at *2 (S.D.N.Y. June 19, 2009) (same).

As set forth above, the CBA and the "Agreement and Protocol" expressly require Ukshini to submit his Title VII claims to mediation and arbitration. Ukshini does not contest this interpretation. Instead, Ukshini argues that he exhausted all the remedial requirements under the CBA prior to bringing this action. His argument is unavailing.

Ukshini alleges that he participated in a formal grievance process with the Union. See Ukshini Affirm., Ex. A. And, he alleges that he requested to have the Union arbitrate his claims on his behalf. See Ukshini Affirm., Ex. B. However, he fails to allege, or otherwise present facts creating a reasonable inference, that the Union submitted his claims to arbitration. In fact, the December 11, 2013 letter sent to him by a representative of Local 32BJ shows that the Union expressly declined to submit his claims to arbitration. See Ukshini Affirm., Ex. J.

After the Union declined to arbitrate his claims, Ukshini was not left without further obligations or a remedy. Pursuant to the February 2010 "Agreement and Protocol," he was required to submit his discrimination claims to mediation and arbitration on his own. See Weinberg Decl., Ex. C. Ukshini fails to plausibly allege that he did so.

One implicit argument that Ukshini might be making in tandem with his explicit argument that he exhausted all administrative remedies required by the CBA is that the additional "Agreement and Protocol" does not apply to him. If it did not apply to him, his efforts in attempting to get the Union to submit his claims to arbitration may have satisfied his obligations under the CBA. That argument too is unavailing. Although the "Agreement and Protocol" was entered into by the Union and the RAB during the course of Ukshini's employment with Comity, it is nonetheless enforceable against Ukshini as a term of his employment. See, e.g., Bouras, 2012 WL 3055864, at *4 (holding that plaintiff must arbitrate his Title VII claims under the same CBA and "Agreement and Protocol"); Duraku v. Tishman

Speyer Properties, Inc., 714 F. Supp. 2d 470, 474 (S.D.N.Y. 2010) (holding that the same February 2010 "Agreement and Protocol" applies "'retroactively' [and] to employees who, like plaintiffs, have already elected to pursue their statutory rights in another forum [and] does not relieve plaintiffs of their obligation to abide by the mediation and arbitration protocol").

Because Ukshini has failed to show that the Union did in fact submit his employment discrimination claims to arbitration or that he participated in mediation and arbitration of his claims on his own, Ukshini has not plausibly alleged that he exhausted "any grievance or arbitration remedies provided in the" CBA and the "Agreement and Protocol." DelCostello, 462 U.S. at 163.  Comity's motion to compel arbitration will be granted and Ukshini is directed to submit his claims to mediation and arbitration in accordance with the terms of the CBA and the "Agreement and Protocol."

CONCLUSION.

Comity's motion to compel mediation and arbitration (Dkt. 14) is GRANTED. The action is stayed pending a final decision in arbitration.  The parties shall file a written status report with the Court by October 7, 2016 or the action will be dismissed with prejudice.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       April 29, 2016