UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BESNIK UKSHINI,

                        Plaintiff,                        15-cv-6214 (PKC)(KNF)

    -against-                                       OPINION
                                                                 AND ORDER

COMITY REALTY CORPORATION,

                        Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Besnik Ukshini, proceeding *pro* se, moves to vacate, modify, or correct an arbitration award that found that his claims of employment discrimination against defendant Comity Realty Corporation ("Comity") were not proven, but found in his favor on a retaliation claim and awarded him $25,000 as to that claim. Comity cross-moves to confirm the award and for sanctions.

        Essential to an understanding of the present motions is this Court's prior ruling granting a motion to compel arbitration. (Mem. and Order of Apr. 29, 2016 (Dkt. 21)). In that ruling the Court reviewed: (a) Ukshini's claims that alleged employment discrimination based on race, religion, and national origin under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e *et seq.*, (b) the terms of the Collective Bargaining Agreement ("CBA") and an "Agreement and Protocol" between SEIU Local 32BJ, the union of which Ukshini is a member, and the Realty Advisory Board on Labor Relations, Inc. ("RAB"), the group of which Comity is a member, and (c) the governing law concerning the arbitrability of Ukshini's claims. (Id. at 1–5). The Court granted Comity's motion to compel mediation and arbitration and stayed the action until an award in the arbitration. (Id. at 7).

The arbitration was conducted on June 5, 2017 before arbitrator Bonnie Siber Weinstock, in accordance with the National Rules for Employment Disputes of the American Arbitration Association. (Agreement and Protocol (Hogan Decl. Ex. 3) at 5(II)(B)). A certified Albanian language interpreter was provided by Comity for Ukshini's use at the hearing. (Award (Hogan Decl. Ex. 1) at 2). The arbitrator heard opening arguments from the parties. (Id. at 9). The witnesses were Sandra Garrett, office manager of Comity, Vincent Garrow, the president and managing agent for one of Comity's properties, who had hired Ukshini as a doorman and later terminated him, and Ukshini himself. The arbitrator gave both sides the opportunity to submit written closing statements.

As damages, Ukshini claimed lost income from 2012 to 2016 of over $200,000, including $45,000 in tips. (Dkt. 34-1). He also sought to recover for credit card debts, including interest, his daughter's unpaid medical debts, "teeth compensation," emotional distress, and punitive damages. The entire damage claim totaled $723,777.09.

In a 27-page written award, the arbitrator found that Ukshini had not proven his claims of discrimination based on race, national origin, and religion. (Award at 27). The arbitrator found that Ukshini had "engaged in serious misconduct by harassing female tenants and neglecting his duties" and that "there was cause for his termination." (Id. at 26–27). But the arbitrator also found that the claim of retaliation under Title VII had been proven and awarded Ukshini the sum of $25,000. (Id.). The arbitrator found no basis in the record for awarding many items of claimed damages claims.

In support of his motion to vacate, Ukshini, asserts that because he did not sign the CBA and related agreements between SEIU Local 32BJ and RAB, he is not bound by the agreement to arbitrate. He also complains that the arbitration was held in the office of Comity's

lawyers, witnesses for Comity were present during the entire hearing, Comity only called two witnesses, he consented to the selection of the particular arbitrator reluctantly and under pressure, he "noticed some kind of respect and friendship between the Arbitrator [and Comity's lawyer]," (Dkt. 38 at 3), the award "is a whole of deviations and intentionally wrong interpretations of facts, proofs, and statements," (Id.), the damages awarded were inadequate, and other assorted complaints, all of which have been considered.

For reasons to be explained, the motion to vacate will be denied, the motion to confirm will be granted, and the motion for sanctions will be denied.

DISCUSSION

"Arbitration awards are subject to very limited review in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." Folkways Music Publishers, Inc. v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993). "A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006).

The principal ground asserted by Ukshini in his petition to vacate is that he did not personally sign an agreement with Comity that contained an arbitration provision and, therefore, he is not bound to present his claim in arbitration. (Dkt. 34 at 3; Dkt. 38 at 1 ("I SHOULD NOT BE BIDDEN TO RESPECT ANY AGREEMENT WHICH I DID NOT PERSONALLY SIGN[.]" (emphasis in original)). He acknowledged that he was a member of SEIU Local 32BJ and Comity was a member of RAB. (Dkt. 34 at 3; Dkt. 38 at 1). He further acknowledged that his position as doorman was covered by the CBA between the union and RAB. (Dkt. 34 at 2; Dkt. 38 at 1). He does not dispute that the union and RAB entered into an

"Agreement and Protocol" governing claims by individual members of discrimination. (Dkt. 34 at 2–3; Dkt. 38 at 1). These facts, without more, are sufficient to hold Ukshini to the arbitration provision agreed to by his union governing his employment by a RAB member. This Court previously held that Ukshini is bound by the arbitration provision in the CBA (Mem. and Order of Apr. 29, 2016), and that holding is the law of the case, Pescatore v. Pan Am. World Airways, Inc., 97 F.3d 1, 7–8 (2d Cir. 1996) ("The law of the case doctrine 'posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" (quoting DiLaura v. Power Auth. of State of N.Y., 982 F.2d 73, 76 (2d Cir. 1992)).

The Federal Arbitration Act (the "Act") enumerates the grounds for vacating or modifying an arbitration award. 9 U.S.C. §§ 10–11. Given the broad sweep of the submissions of this unrepresented plaintiff, each will be discussed.

1. The Act provides for vacating the award "where the award was procured by corruption, fraud, or undue means" or "there was evident partiality or corruption in the arbitrators." Id. §§ 10(a)(1)–(2). Ukshini states in his unsworn submission that he sensed "some kind of respect and friendship between [the] Arbitrator and representative's lawyer." (Dkt. 38 at 2). Assuming the truth of the statement, it demonstrates neither corruption, fraud, nor undue means in obtaining the award, nor evident partiality on the part of the arbitrator. The observation of the Second Circuit regarding maritime arbitrations applies equally to labor arbitrations: "It is not unusual that those who are selected as arbitrators in maritime arbitrations have had numerous prior dealings with one or more of the parties or their counsel." Int'l Produce, Inc. v. A/S Rosshavet, 638 F.2d 548, 551–52 (2d Cir. 1981). The Court has also considered Ukshini's claim that Comity's counsel pressured Ukshini to select a mediator and/or arbitrator, the arbitration

was held in Comity's counsel's office, and all other circumstances raised in Ukshini's submission; taken individually or in their totality, they do not satisfy the standard in section 10(a)(1)&(2) of the Act.

        2.      An arbitration award may be vacated "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Arbitral misconduct requires a violation of "fundamental fairness," Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16, 20 (2d Cir. 1997), and typically arises where there is proof of either bad faith or gross error on the part of the arbitrator," In re Cragwood Managers, L.L.C. (Reliance Ins. Co.), 132 F.Supp.2d 285, 287 (S.D.N.Y. 2001) (internal quotations marks and modifications omitted). "To demonstrate arbitral misconduct, the challenging party must show that his right to be heard has been grossly and totally blocked, and that this exclusion of evidence prejudiced him." Oracle Corp. v. Wilson, 276 F. Supp. 3d 22, 29 (S.D.N.Y. 2017) (emphasis, internal quotation marks, and citations omitted). The record does not reveal any instance where the arbitrator refused to postpone the hearing upon a showing of cause or refused to hear evidence. Ukshini complains that each of Comity's two witnesses were permitted to be present during the entirety of the case, including opening statements and testimony. Sequestration of witnesses is, with certain exceptions, the rule in a federal court proceeding. Rule 615, Fed. R. Evid. But arbitrators have broad discretion in the conduct of hearings and are not bound by federal practice, procedure, or rules of evidence. See LJL 33rd St. Assocs., LLC v. Pitcairn Props. Inc., 725 F.3d 184, 195 (2d Cir. 2013). There is no other misconduct shown in the portions of the record submitted by Ukshini.

3. An award may also be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The arbitration proceeded on federal and state discrimination and retaliation claims relating to Ukshini's employment. The arbitrator declined to consider claims regarding seniority because it would have been subject to a different arbitration regime. The arbitrator did not exceed her powers in making the award.

4. Section 11 of the Act permits a court to modify or correct an award, in limited circumstances, including "[w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." An "evident material miscalculation of figures" is simply that—a miscalculation, not the rejection of one party's damage theory. Leeward Const. Co. v. Am. Univ. of Antigua-Coll. of Med., 12 cv 6280 (LAK), 2013 WL 1245549, at *5 (S.D.N.Y. Mar. 26, 2013), aff'd sub nom. Leeward Constr. Co., Ltd. v. Am. Univ. of Antigua-Coll. of Med., 826 F.3d 634 (2d Cir. 2016); Spencer v. U.S. Clearing Corp., 90 cv 6314 (KMW), 1994 WL 267818, at *1–2 (S.D.N.Y. June 15, 1994); Oceania Shipping Corp. v. Thos. P. Gonzalez Corp., 442 F. Supp. 997, 1000 (S.D.N.Y. 1977). There is no miscalculation warranting modification or correction.

5. The "manifest disregard of the law" doctrine does not justify vacating or modifying the award. "[T]o modify or vacate an award on this ground, a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." Hamilton v. Sirius Satellite Radio Inc., 375 F. Supp. 2d 269, 273 (S.D.N.Y. 2005) (quoting Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 (2d Cir. 1998)). This record does not support such findings. Damages for retaliation were modest in relation to

Ushkini's damage claim were because the arbitrator found that they were either attributable to the discrimination but not the retaliation claim or otherwise not proven. (Award at 26). These were findings of fact by the arbitrator and not the application of a well-defined, explicit governing legal principle.

The Court concludes there is no basis to vacate, modify, or correct the award. Because there is no such basis, Comity is entitled to have the award confirmed. 9 U.S.C. § 9 ("[A]ny party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.")

Comity also seeks sanctions against Ukshini for what it views as a frivolous attempt to set aside the arbitration award. There is no indication that Comity followed the procedure in Rule 11(c)(2), Fed. R. Civ. P., before making the motion and, in any event, given the special solicitude to be afforded a self-represented party, the Court cannot conclude that Ukshini's submissions violated the representations set forth in Rule 11(b).

CONCLUSION

Having considered the arguments and submissions of plaintiff in their entirety, plaintiff's motion to vacate the award (Dkt. 34) is DENIED. Defendant's cross-motion to confirm the award (Dkt. 35) is GRANTED and its motion for sanctions (Dkt. 35) is DENIED. The Clerk is directed to terminate the motions (Dkts. 34 &35), enter judgment for defendant and close the case. Counsel for defendant shall furnish plaintiff with a copy of all unreported decisions cited herein within seven days.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
September 26, 2018